IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division
Case No. 3:13-cv-147

| | |
|---|---|
| RONALD L. PETTIS,<br><br>        Plaintiffs<br><br>v.<br><br>LAW OFFICES, HUTCHINSON, SENTER, BRITTON, P.A.,<br><br>        Defendant. | **WELLS FARGO BANK N.A.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS** |

Wells Fargo Bank, N.A. ("Wells Fargo")[1] files this Brief in Support of its Motion to Dismiss Plaintiff's Complaint and respectfully shows the Court as follows:

## Overview

Although the Complaint is not a model of clarity, it may[2] involve an attempt by Plaintiff Ronald L. Pettis ("Plaintiff") to challenge the validity of a debt and default, which a North Carolina superior court had already determined to be valid during a foreclosure hearing held pursuant to North Carolina General Statute 45-21.16(d).

On February, 2012, Substitute Trustee Services, Inc. (the "Substitute Trustee") commenced a foreclosure proceeding in Mecklenburg County Case No. 12-SP-1720 (the "Foreclosure Proceeding") after Plaintiff defaulted on his payment obligations under a promissory note in the original principal amount of $111,200.00 dated November 1, 2004 (the

---

[1] Wells Fargo is the servicer of a mortgage loan that may be at issue in this civil action and files this Motion out of an abundance of caution because Plaintiff also served the summons issued to the Hutchinson Senter law firm on Wells Fargo. It does not appear that a civil summons has been issued to Wells Fargo in this civil action.

[2] Much of Wells Fargo's confusion arises from the Securitzation Analysis Examination report attached to Plaintiff's Complaint which refers to a mortgage loan Wells Fargo has never serviced, instead of the loan at issue in the state court Foreclosure Proceeding discussed in this Brief. *Compare* Securitzation Analysis Examination report at p. 3 with Wells Fargo Affidavit filed in Foreclosure Proceeding attached hereto as <u>Exhibit B</u>.

"Note"), and secured by a Deed of Trust on Plaintiff's home located at 3613 Hager Stone Way, Charlotte, NC 28216 (the "Property").

On February 5, 2013, the Mecklenburg County Clerk of Superior Court (the "Clerk") issued a Foreclosure Order (the "Order") holding, among other things, that:

- The Bank of New York Mellon as Trustee for Structured Asset Mortgage Investments Ill Inc. Bear Stearns ALT-A Trust 2005-2, Mortgage Pass-Through Certificates, Series 2005-2 ("BNY") is the holder of the Note;
- The Note evidences "a valid debt owed by Ronald L. Pettis;"
- The Note is in default; and
- The Substitute Trustee can proceed to foreclose under the terms of the Deed of Trust and applicable law.

A copy of the Foreclosure Order is attached hereto as <u>Exhibit A</u>.[3] The Foreclosure Order is a final order because Plaintiff did not appeal it within the time allowed under North Carolina law. *See* N.C. Gen. Stat. § 45-21.16(d1) (requiring a party to appeal a Clerk's foreclosure order within ten days of the ruling).

Plaintiff's Complaint – which is captioned "NOTICE" – should be dismissed because it does not state any cognizable claims for relief – or cogent allegations that he has been damaged in any way. The Complaint falls far short of the pleading requirements imposed by Rule 8 and 10 of the Federal Rules of Civil Procedure and should be dismissed for this reason alone.

To the extent the Complaint attempts to challenge: (i) the validity of the Note; (ii) the determination that BNY is the holder of the Note; or (iii) the occurrence of a default under the

---

[3] "Foreclosure pleadings are a matter of public record, and this Court may take judicial notice of court records when considering a Rule 12(b)(6) motion without converting the motion to one for summary judgment." *Pol v. Fed. Reserve Bank of New York*, 3:09-CV-307-RJC-DCK, 2009 WL 4017164 (W.D.N.C. Nov. 18, 2009) (citing, *Witthohn v. Federal Ins. Co.,* 164 Fed. Appx. 395 (4th Cir.2006) (holding that a state-court filings are public records of which a federal court may take judicial notice when deciding a motion to dismiss); *Suntrust Mortg., Inc. v. Busby,* 651 F.Supp.2d 472, 2009 WL 2713187 (W.D.N.C.2009); *Norfolk Southern Ry. Co. v. Shulimson Bros. Co., Inc.,* 1 F.Supp.2d 553, 555 n. 1 (W.D.N.C.1998). *Dillahunt v. Clark,* 2009 WL 1382606, *3 (E.D.N.C.2009)).

Note; these issues have already been determined by the Foreclosure Order. Plaintiff cannot re-litigate these issued because this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine and the claims are barred by the *res judicata* doctrine.

**Standard Supporting Motion to Dismiss**

To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quotations omitted). Moreover, the Fourth Circuit following *Twombly* has recognized that a court need not accept conclusory allegations regarding the legal effect of the facts alleged or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

Under these well-established requirements, the Complaint fails to state a claim.

**Legal Analysis**

I. **The Complaint is Barred by the Doctrine of Res Judicata**

    A.     The Doctrine of Res Judicata

The *res judicata* doctrine provides that "any right, fact, or question in issue and directly adjudicated on or necessarily involved in the determination of an action before a competent court . . . on the merits is conclusively settled by the judgment therein and cannot again be litigated

3

Case 3:13-cv-00147-FDW   Document 5   Filed 04/08/13   Page 3 of 8

between the parties and privies." *Gaither Corp. v. Skinner*, 241 N.C. 532, 535, 85 S.E.2d 909, 911 (1955).

The doctrine of res judicata bars re-litigation of "every point which properly belonged to the subject litigation and which the parties, exercising reasonable diligence, *might have brought forward*.'" *Suntrust Mortgage, Inc. v. Busby*, 469 Fed. Appx. 205, 207 (2012) (quoting *Painter v. Wake Cnty. Bd. of Educ.*, 288 N.C. 165, 217 S.E.2d 650, 655 (N.C. 1975)). "It also serves to bar the assertion of defenses, as well as claims or counterclaims, that were or could have been litigated in the earlier proceeding." *Suntrust Mortgage, Inc. v. Busby*, Case No. 2:09-CV-03, 2010 U.S. Dist. LEXIS 107562 at *17-18 (W.D.N.C. Oct. 6, 2010).

### B. The Statutory Framework for the Foreclosure Proceedings

Under N.C. Gen. Stat. § 45-21.16, foreclosure pursuant to a power of sale requires a hearing before the Clerk of Superior Court to determine:

(1) the existence of a valid debt of which the **party seeking to foreclose is the holder**;

(2) the existence of a default;

(3) the trustee's right to foreclose;

(4) the sufficiency of notice to the record owners;

(5) whether the debt is a home loan under N.C.G.S. 45-101(1b) and, if so, that the pre-foreclosure notice under N.C.G.S. 45-102 was provided; and

(6) that the sale is not barred by G.S. 45-21.12A.

*N.C. Gen. Stat. § 45-21.16; see also, In re Helms* 55 N.C. App. 68, 71, 284 S.E. 2d 553, 555 (1981); *Mixon v. Wells Fargo Home Mortgage*, Case No. 3:12-cv-77, 2012 U.S. Dist. LEXIS 52141 at *5-7. If the Clerk finds a factual basis supporting each item, the clerk shall authorize the trustee under the deed to proceed pursuant to the power of sale contained in the deed. *Phil*

4

*Mechanic Construction Co., Inc. v. Haywood*, 72 N.C. App. 318, 322, 325 S.E.2d 1, 3 (1985); *see also N.C. Gen. Stat. § 45-21.16(d)*.

### C. Issues Decided During Foreclosure Proceedings are Res Judicata

Issues decided under G.S. 45-21.1, *et seq.*, as to the identity of the noteholder, validity of the debt and the trustee's right to foreclose are **res judicata** and cannot be relitigated. *Phil Mechanic Construction Co., Inc. v. Haywood*, 72 N.C. App. 318, 322, 325 S.E.2d 1, 3 (1985) (emphasis in original). *See also, Peak Coastal Ventures, Inc. v. Suntrust Bank*, 2011 N.C.B.C 13, 30 (N.C. Super. 2011) ("A judgment entered by a clerk of the Superior Court in a special proceeding in which such clerk has jurisdiction, will stand as a judgment of the court, if not excepted to and reversed or modified on appeal, as allowed by statute." (*citing In re Atkinson-Clark Canal Co.*, 234 N.C. 374, 377, 67 S.E.2d 276, 276 (1951)).

### D. The Complaint Attempts to Re-litigate an Issue Already Decided During the Foreclosure Proceeding and is Barred by the Doctrine of *Res Judicata*

In *Peak Coastal Ventures, Inc. v. Suntrust Bank*, a plaintiff borrower asserted a breach of contract claim against its lender, challenging the validity of the debt from an underlying acquisition and construction loan. 2011 N.C.B.C. at 30. Because the validity of the debt had been decided at a foreclosure hearing, and the plaintiff had not filed an appeal, the court dismissed the claim under the *res judicata* doctrine. *Id*. The same result is warranted in the instant action.

On February 5, 2013, during the Foreclosure Proceeding and pursuant to N.C. Gen. Stat. § 45-21.16, the Clerk determined that BNY is the holder of the Note. *See* Exhibit A. Because Plaintiff failed to appeal the Clerk's determination within the ten-day appeal period, which expired on February 15, 2013, the Foreclosure Order became a final judgment, and he is barred

from challenging the validity of the Note or BNY's status as the holder of the Note in this proceeding. *See*, *Peak*, 2011 N.C.B.C. at 30.

## II. This Court Lacks Subject Matter Jurisdiction Over This Dispute Under the *Rooker-Feldman* Doctrine

The *Rooker–Feldman* doctrine generally prohibits lower federal courts from reviewing state court decisions; because" jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). The *Rooker–Feldman* bar extends not only to issues actually presented to and decided by a state court, but also to issues that are "inextricably intertwined" with questions ruled on by a state court. *Plyler*, 129 F.3d at 731.

A federal claim is "inextricably intertwined" with a state court decision where, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." *Jordahl v. Democratic Party of Va.,* 122 F.3d 192, 202 (4th Cir. 1997). *Rooker–Feldman,* therefore, applies whenever the federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court." *Plyler*, 129 F.3d at 733.

In the case at bar, the Complaint is, at best, an attempt to re-litigate issues that have already been judicially determined in the Foreclosure Proceedings, or that are inextricably intertwined with the foreclosure proceedings, and should therefore be dismissed under the *Rooker–Feldman* doctrine.

### III. To the Extent Plaintiff purported to Effectuate Service of Process Upon Wells Fargo, Dismissal is Warranted because of a Failure to Comply with Rule 4(b) of the Federal Rules of Civil Procedure

Rule 4(b) of the Federal Rules of Civil Procedure requires that a summons "be issued for each defendant to be served." In the present case, the Clerk signed and sealed a summons in which Plaintiff had handwritten "Law Offices Hutchinson, Senter, Britton, P.A." ("Hutchens Senter") and Wells Fargo as defendants. The first page of the Complaint, however, appears to only be directed to Hutchens Senter.

Moreover, the Court's docket reflects that the summons was issued only to Hutchens Senter and **not** to Wells Fargo. The Court's docket **does not** list Wells Fargo as a defendant in this Civil Action. Accordingly, service of process as to Wells Fargo is deficient under Rule 12(b)(4).

### CONCLUSION

For the reasons stated in the Motion and herein, Wells Fargo requests issuance of an order dismissing the Complaint with prejudice and granting such additional relief as the Court deems just and proper.

This the 8th day of April, 2013.

**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**

/s/ Kenneth B. Oettinger, Jr.
Kenneth B. Oettinger, Jr. (NC State Bar No. 20064)
Lee Williams (NC State Bar No. 35657)
301 South College Street, Suite 3500
Charlotte, NC 28202-6037
Telephone: (704) 331-4900
*Attorneys for Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of April, 2013, the foregoing "**Wells Fargo's Brief in Support of its Motion to Dismiss**" was served via U.S. Mail as follows:

> Ronald L. Pettis
> 3613 Hagerstone Way
> Charlotte, NC 28216

> /s/ Kenneth B. Oettinger, Jr.
> Kenneth B. Oettinger, Jr.