UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00147-FDW

| | |
|---|---|
| RONALD L. PETTIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| LAW OFFICE OF HUTCHENS, SENTER, ) | |
| KELLAM AND PETTIT, et. al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court upon Plaintiff's Motion for Order to Show Cause and Temporary Restraining Order ("TRO"), filed April 22, 2013, (Doc. No. 11), and Defendant Law Offices of Hutchens, Senter, Kellam and Pettit's Motion to Dismiss (Doc. No. 14), filed May . For the reasons below, the Court DENIES Plaintiff's Motion and GRANTS Defendant's Motion.

## BACKGROUND

Plaintiff's Amended Complaint alleges several causes of action[1] related to a mortgage he obtained for the purchase of real estate ("Subject Property"). The pleadings make clear the parties do not dispute Plaintiff borrowed money, secured by a deed of trust. Plaintiff contends that as part of this transaction, Defendants knew or should have known that Plaintiff could not qualify for or afford the loan. (Doc. No. 11, p. 4). On February 5, 2013, the Assistant Clerk of Superior Court for Mecklenburg County issued an Order Allowing Foreclosure of the Subject Property. Plaintiff did not timely perfect an appeal of that order. On March 8, 2013, Plaintiff

---

[1] The causes of action include: (1) lack of standing to foreclose; (2) fraud in the concealment; (3) fraud in the inducement; (4) slander of title; (5) quiet title; (6) negligence; (7) request for declaratory relief on the validity of the notice of default; (8) violation of the Real Estate and Settlement Procedures Act (12 U.S.C. § 2601 et seq.); and (9) violation of Truth-In-Lending-Act (15 U.S.C. § 1641(g).

1

filed the instant action in this Court, and later, he amended his complaint and filed the pending motion for TRO on April 22, 2013. On April 30, 2013, the Subject Property was sold at foreclosure sale, which was subsequently confirmed on May 13, 2013. Only one defendant has responded to the Amended Complaint[2] – the law firm of Hutchens, Senter, Kellam and Pettit, P.A. ("law firm Defendant").

ANALYSIS

**A. Motion for to Show Cause and for a Temporary Restraining Order**

Turning first to Plaintiff's Motion, the Court notes that due to administrative error, the Court overlooked that portion seeking a TRO on the foreclosure on his residential property. Plaintiff did not at not contact the Court or otherwise inquire into the status of his "emergency" motion at any time after filing the Motion for a TRO. Moreover, for the reasons that follow, Plaintiff has not been prejudiced by this Court's delay because the Court DENIES the motion. See In re Oakes, 78 F. App'x 921 (4th Cir. 2003) ("Our review of the docket sheet reveals that the district court entered an order denying [the petitioner's] emergency motion for a temporary restraining order. Accordingly, because the district court has recently decided [the petitioner's] case, we deny the mandamus petition as moot.").

In his motion, Plaintiff asks that this Court stop foreclosure proceedings by the

---

[2] Although Plaintiff named several defendants in his amended complaint, it appears Plaintiff attempted to provide proof of service for only one defendant, (Doc. No. 3). Plaintiff has not filed proof of service of the complaint and summons for any other defendant. Plaintiff never requested an extension of time for service of the summons and complaint on the other defendants, and the time for doing so has long expired. See Fed. R. Civ. P. 4. Notably, Plaintiff's original complaint asserted a cause of action against Wells Fargo Bank N.A. (Doc. No. 1). Wells Fargo filed a motion to dismiss that complaint, but Plaintiff subsequently amended his complaint prior to the Court's ruling on that motion, thereby resulting in the Court denying the motion to dismiss as moot. (Doc. No. 17). Remarkably, Plaintiff's Amended Complaint did not assert a cause of action against Wells Fargo Bank, and, accordingly, Wells Fargo Bank did not renew its motion to dismiss. See Young v. City of Ranier, 238 F. 567 (4th Cir.2001) ("The general rule . . . is that an amended pleading supersedes the original pleading, rending the original pleading of no effect. Thus, if an amended complaint omits claims raised in the original complaint, the plaintiff has waived those omitted claims.").

Mecklenburg County Sherriff. Rule 65(b) provides a mechanism whereby the movant may temporarily restrain an adverse party, without advance notice to that party, but only if

> specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition . . . [and] the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). In evaluating a request for a TRO, the Court considers the same factors applied for a preliminary injunction. Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411 (4th Cir. 1999). Those factors are: (1) the likelihood of irreparable harm to the plaintiff if the injunctive relief is denied, (2) the likelihood of harm to the defendant is the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest. Direx Israel, Ltd. V. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991). A temporary restraining order is an extraordinary remedy which involves the exercise of far-reaching powers which are to be used sparingly by a court. Scotts Co. v. United Indus. Corp., 315 F.3d 264, 272 (4th Cir. 2002).

Plaintiff's motions fails. Indeed, even if the Court assumes that foreclosure of the property amounts to irreparable harm, Plaintiff has failed to demonstrate that he would succeed on the merits at trial. Indeed, there is a motion to dismiss currently pending before the Court, filed by the only defendant to respond to the amended complaint – the law firm Defendant. As explained below, that motion appears to establish several reasons for dismissal of this matter, including the fact that this Court lacks subject matter jurisdiction. Thus, the Court does not find any reason to use the extraordinary remedy of a TRO. Accordingly, that motion is DENIED.

**B. Motion to Dismiss**

Turning to the motion to dismiss, the law firm Defendant asserts several bases to dismiss the complaint, including lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. The Court issued a notice to Plaintiff in furtherance of the principles in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the burden he carries in responding to the motion to dismiss and allowing Plaintiff additional time until June 26, 2013, to file any response to the pending motion. To date, Plaintiff has not filed any opposition to the motion or otherwise responded, and the time for doing so has long passed.

The existence of subject matter jurisdiction is a threshold issue. "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000), citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Absent a proper basis for subject matter jurisdiction, a case *must* be dismissed. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998). Accord Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); and Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The party seeking federal jurisdiction has the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

The gravamen of Plaintiff's causes of action challenges a foreclosure conducted under Chapter 45 of the North Carolina General Statutes, as well as the validity of a debt and default of that debt obligation. Although the first seven (7) causes of action are clearly grounded in state

law and fail to present a federal question, the last two claims for RESPA and TILA violations attempt to assert federal questions, notwithstanding the basis for those claims arises directly out of the lending transaction that formed the basis of the foreclosure. Foreclosure actions brought under state law do not give rise to federal question subject matter jurisdiction. See e.g., Jennifer Belter Formichella, PLLC, 2012 WL 2501110, * 2 (citing City of Durham v. Wadsworth, 2009 WL 186174 (M.D.N.C 2009) (remanding tax foreclosure action); McNeely v. Moab Tiara Cherokee Kituwah Nation Chief, 2008 WL 4166328 (W.D.N.C 2008) (nothing in "simple foreclosure action of real property . . . suggests the presence of a federal question")); Trustee Services of Carolina, LLC v. Rivera, 2012 WL 1645534, * 2 (May 2, 2012 W.D.N.C.) (same).

Furthermore, under the Rooker-Feldman doctrine, federal courts lack subject matter jurisdiction to sit in appellate review of judicial determinations made in state courts. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Jurisdiction to review such decisions lies with superior state courts and, ultimately, the United States Supreme Court. See 28 U.S.C. § 1257(a).

"The Rooker Feldman doctrine . . . prohibits 'lower federal courts . . . from exercising appellate jurisdiction over final state court judgments.'" Adkins v. Rumsfeld, 464 F.3d 456, 463 (4th Cir. 2006) (quoting Lance v. Dennis, 546 U.S. 459, 463 (2006) (per curiam)). In the context of a state court foreclosure proceeding, Rooker-Feldman prohibits claims brought in federal court that may "succeed only to the extent that the state court wrongly decided the foreclosure action." Postma v. First Federal Sav. & Loan of Sioux City, 74 F.3d 160, 162 (8th Cir. 1996). District courts within the Fourth Circuit have consistently reached the same conclusion. See, e.g., Turner v. E. Savings Bank, FSB, No. 09cv2637, 2010 WL 1409858, at *3 (D. Md. Apr. 2, 2010);

Brumby v. Deutsche Bank Nat. Trust Co., No. 1:09cv144, 2010 WL 617368, at *3-4 (M.D.N.C. Feb. 17, 2010); Lawson v. Allegacy Fed. Credit Union, No. 1:08cv832, 2009 WL 3381532, at *2 (M.D.N.C. Oct. 16, 2009); Nott v. Bunson, No. 09cv2613, 2009 WL 3271285, at *2 (D. Md. Oct. 9, 2009).

Moreover, the doctrine can bar claims by parties not present in the state court litigation. Am. Bank & Trust of S. Dakota v. Hager, 1:04CV964, 2006 WL 399289 (M.D.N.C. Feb. 16, 2006) (citing Lemonds v. St. Louis County, 222 F.3d 488, 493 (8th Cir.2000) ("Rooker-Feldman . . . is concerned with federalism[,] and . . . courts are simply without authority to review most state court judgments-regardless of who might request them to do so."); Republic of Paraguay v. Allen, 949 F.Supp. 1269, 1273 (E.D.Va.1996) ("[A federal] [c]ourt has no authority to disturb a state court ruling regardless of the procedural posture of the litigants. That power rests solely with the Supreme Court . . . .")).

The Court lacks subject matter jurisdiction over claims actually decided in the state foreclosure proceeding, but additionally, the Court also lacks subject matter jurisdiction over any matter inextricably intertwined with the state foreclosure proceeding. The Rooker-Feldman bar "extends not only to issues actually presented to and decided by a state court, but also to issues that are 'inextricably intertwined' with questions ruled on by a state court." Brumby v. Deutsche Bank Nat'l Trust Co., No. 1:09CV144, 2010 WL 617368, at * 2 (M.D.N.C. Feb. 17, 2010) (citing Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)), report and recommendation adopted sub nom. Brumby, Jr. v. Deutsche Bank Nat. Trust Co., 1:09CV144, 2010 WL 3219353 (M.D.N.C. Aug. 13, 2010).

A federal claim is inextricably intertwined with a state court decision where, "in order to

grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." Id. (quoting Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir. 1997); see also Davani v. Virginia Dept. of Transp., 434 F.3d 712, 719 (4th Cir. 2006) ("if the state court loser seeks redress in the federal district court for the injury caused by the state court decision," the claim is inextricably intertwined) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 293 (2005)). The Rooker-Feldman doctrine is particularly relevant when there is a means of appeal provided by the state. See Washington v. Wilmore, 407 F.3d 274 (4th Cir. 2005) (finding Rooker-Feldman did not bar a claim, in part because there was no mechanism by which the plaintiff could obtain state court resolution).

The "inextricably intertwined" prohibition could include claims under federal law that, in effect, would require this Court to invalidate the judicial findings made in the state court foreclosure action. See Brumby, 2010 WL 617368 *4. Accord Givens v. Homecomings Fin., 278 Fed. Appx. 607, at *2 (6th Cir.2008) (unpublished) (where a mortgagor brought a FDCPA claim against a mortgagee after a state court granted the mortgagee possession of the residence due to the mortgagor's default, upholding the trial court's ruling that it lacked jurisdiction under the Rooker–Feldman doctrine, since the FDCPA action was effectively an attempt to appeal the state court order); Kafele v. Lerner, Sampson & Rothfuss, L.P.A., 161 Fed. Appx. 487, at *2 (6th Cir.2005) (unpublished) (upholding the trial court's ruling that it lacked jurisdiction under the Rooker–Feldman doctrine, stating "[t]hat the plaintiffs' [fair debt collection practices and other] claims are indeed 'inextricably intertwined' is evident from the fact that there is simply no way for this or any other court to grant relief without disturbing the judgments of foreclosure entered

7

by the state court"); Done v. Wells Fargo Bank, N.A., No. 08–cv–3040 (JFB)(ETB), 2009 WL 2959619, at *3–5 (E.D.N.Y. Sept. 14, 2009) (stating that the plaintiff's federal lawsuit, in which the plaintiff was complaining of the injury from losing his home after a state foreclosure proceeding, was "squarely foreclosed by the Rooker–Feldman doctrine," and was alternatively barred by claim preclusion and collateral estoppel); Burlinson v. Wells Fargo Bank, N.A., Civil No. 08–cv–01274–REB–MEH, 2009 WL 646330, at *6 (D.Colo. Mar. 9, 2009) (stating that "any claim that Defendants violated the FDCPA by foreclosing on a property in which they had no legal interest is barred by Rooker–Feldman ").

Here, a judicial determination has already been made in the state court special proceeding that foreclosure upon the property previously owned Plaintiff was, in fact, proper and consistent with applicable North Carolina law. Under the governing statute, Plaintiff had the opportunity to appeal the foreclosure order, but appears to have failed to do so. N.C. GEN. STAT. § 45-21.16 (d1). The conclusory statements of Plaintiff concerning alleged fraudulent conduct by the lender do not defeat the motion to dismiss. See Dillard v. Bank of New York, 11-1379, 2012 WL 1094833 (10th Cir. Apr. 3, 2012) (dismissing a claim of improper documents and deceptive representations in a foreclosure action under the Rooker-Feldman doctrine). All nine causes of action in Plaintiff's Amended Complaint all effectively attempt to appeal the state court judgment issued in the foreclosure proceeding. Pursuant to Rooker-Feldman, this Court may not sit in appellate review of the state court's judgment as to foreclosure.

Furthermore, the Court concludes that Plaintiff's Amended Complaint cannot be construed as raising any cognizable claim independent of the challenge to foreclosure. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's Amended Complaint.

Notwithstanding a liberal construction, even if jurisdiction were found to exist, none of the alleged claims survive the law firm Defendant's Rule 12(b)(6) motion for the reasons stated in the law firm Defendant's motion. (Doc. No. 14-1, pp. 9-11). As an additional grounds for dismissal of the Amended Complaint, it appears as though this Court does not have personal jurisdiction over the law firm Defendant because Plaintiff failed to comply with Rule 4 of the Federal Rules of Civil Procedure in effectuating service of the complaint and summons. As previously mentioned, Plaintiff did not respond in opposition to the motion to dismiss, nor has Plaintiff otherwise satisfied his burden to demonstrate that process and service of process were proper.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion to Show Cause and for a Temporary Restraining Order (Doc. No. 11) is DENIED, and the law firm Defendant's Motion to Dismiss (Doc. No. 14) is GRANTED. As explained above, Plaintiff has failed to provide proof of service for any other named Defendants, and the time for doing so has long expired. Accordingly, the complaint against all other Defendants is DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m) and Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk is respectfully DIRECTED to CLOSE THIS CASE.

IT IS SO ORDERED.

Signed: February 6, 2014

Frank D. Whitney
Chief United States District Judge